**Cecil Dorman SLAYTON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–144–CR.**

Court of Appeals of Texas,
Fort Worth.

May 19, 1982.

Griffin, Shelton & Eames and Robert N. Eames, Denton, for appellant.

Brock Smith, Dist. Atty. and Jim A. Robertson, Asst. Dist. Atty., Gainesville, for State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

The appellant, Cecil Dorman Slayton, was convicted of indecency with a child. A jury assessed his punishment at confinement in the Texas Department of Corrections for a period of three years.

We affirm.

Appellant's first ground of error complains that testimony of the psychiatrist

called by the State invaded the province of the jury by expressing a conclusion as to appellant's guilt.

We disagree.

Having qualified as an expert witness, the psychiatrist testified as to his opinion that the appellant was a type of person who might expose himself to a child.

■ It is not error for a psychiatrist to express his expert opinion that an accused is capable of forming an intent to perform the act with which he is charged. *Rogers v. State*, 598 S.W.2d 258 (Tex.Cr.App.1980).

■ The second ground of error argues that in the punishment phase, the court erred in allowing the psychiatrist to give the jury his opinion as to proper punishment for the appellant.

The prosecutor's question, however, asked the psychiatrist to express his expert opinion as to the proper *treatment* for the appellant.

The answer given was:

"Well, since there really is no treatment that is any—has any degree of effectiveness, hospitalization is not indicated, in my opinion, and therefore some type of confinement so that he can not act on all these impulses that he has indicated."

Appellant's third ground of error attacks the indictment's failure to allege that he was not the spouse of the male child.

The indictment delivered by the grand jury reads as follows:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the County of Cooke, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the July Term, A.D. 1979, of the 235th Judicial District Court of said County, upon their oaths present in and to said Court, that Cecil Dorman Slayton, on or about the 18th day of September, A.D. 1979, and before the presentment of this indictment, in said County and State, did then and there with intent to arouse and gratify the sexual desire of the said

Cecil Dorman Slayton expose to Dale Reiter, a male child younger than 17 years of age, the genitals of the said Cecil Dorman Slayton, the said Cecil Dorman Slayton then and there knowing that the said Dale Reiter was present, AGAINST THE PEACE AND DIGNITY OF THE STATE.

Appellant argues that an allegation of the non-spousal element is essential in order to charge him with the offense of indecency with a child.

Upon the facts of this case, we are compelled to disagree.

■ The law presumes innocence, which in turn mandates that the accused be presented an indictment from which he may fully ascertain the matters charged. *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr.App. 1980).

■ To presume that an accused is guilty and therefore knows already the details of his offense, and thus can adequately prepare his defense, despite a vague indictment, is contrary to all proper principles of justice.

■ If, in the name of justice, however, the law requires that we strain its interpretation and application beyond the realities of the facts of the case, then justice not only is ill-served, it is defeated.

Therefore the law does enable the courts to sustain indictments where *substantial* certainty is alleged, although complete certainty may be lacking.

V.A.C.C.P. art. 21.11 states in pertinent part:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment...."

Accordingly, while an indictment must give an accused full and complete notice of the offense with which he is charged, the State is not required to plead evidentiary facts which are not essential to provide such notice. *May v. State*, 618 S.W.2d 333 (Tex.Cr.App.1981). *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr.App.1980).

For example, most of the Penal Code sections which describe conduct constituting an offense begin with the words "A person commits an offense if . . . "

The conduct is prosecutable and punishable only when committed by a *person*.

Yet the fact that the accused named in the indictment is a *person* is a non-essential allegation, because *in esse*, he or she *is* a person.

The law appears to indulge the presumption that, unless controverted, the accused named in the indictment is a *person* and not a mechanical or electronic robot device, or an animal, to which someone has merely assigned a name typical of those used by human beings.

Appellant testified in his own defense and did not controvert the fact that he is a male.

If the existing indictment in the instant case had also included an allegation that the accused is a male, then very sensibly, the failure to allege that he is not married to the male child (victim) would not be a fatal flaw. Their non-spousal status would be inferred. *Jacquez v. State*, 579 S.W.2d 247 (Tex.Cr.App.1979).

In this state, it is not possible for a marriage to exist between persons of the same sex. They may not marry one another, either with or without formalities of law. *Jacquez, supra.*

"Spouse" is a synonym for both "husband" and "wife", as the parties to a marriage. *The American Heritage Dictionary* (1970).

It should follow that when the offense charged is indecency with a child, and (a) the indictment alleges only the sex of the child, but (b) the accused *in esse is* of the same sex, then (c) neither person can be the other's spouse, either *de jure* or *de facto.*

We hold that when the indictment alleges the sex of the victim and it is in fact the same as that of the accused, then an allegation to negate their spousal relationship is, on its face, meaningless surplusage and not essential to the task of informing the accused of the specific charge against him.

The absence of such an allegation, upon those facts, should not render the indictment fatally defective.

The case is distinguishable from those of indictment for rape, in which the participants were male and female. There a spousal status between the participants is indeed a possibility which makes it essential that the indictment contain an allegation negating such a relationship between accused and victim.

In the instant case, however, neither participant can be the other's spouse, any more than a person can simultaneously be man and fish. It is an incurable impossibility.

Reality compels the conclusion that the existing indictment could not have abridged appellant's right to know precisely the offense charged; nor his ability to prepare his defense against that charge.

Under Texas law, a defense that the appellant and victim were married would not have been available to the appellant in any event. *Jacquez, supra.*

The indictment sufficiently informed appellant that he was accused of exposing his genitals, and having the requisite intent, to a male child.

We hold the deepest and most profound respect for the rules governing our criminal procedure and for the unassailable rights of a person who stands accused within our system of criminal justice.

The corollary of those rules and rights, however, is that they must at all times blend with common sense in an equitable

**938**

balancing of the rights of the accused with those of society.

The rules therefore wisely include Art. 21.11 which allows indictments to survive on a foundation of substantial certainty.

 Within that framework, we must conclude that the indictment sufficiently apprised appellant of the *essential* elements of the charge against him and did not prejudice his rights.

Upon the facts of this case, to ignore the uncontroverted and indeed undeniable fact that appellant *is* a male, and to reverse his conviction by rigidly presuming his inability to fully understand the charge absent an allegation informing him that he is not the male child's spouse, fails to enhance the principles of justice.

We must never allow our sense of expediency to trample or even bend constitutional or statutory rights. The result would undeniably be counterfeit justice.

 It seems equally intolerable that we subvert justice by indulging a synthetic presumption that the indictment, under the facts of this case, lacked substantial certainty.

It was a similarly artificial presumption which evoked Charles Dickens' memorable line in *Oliver Twist*: "If the law supposes that ... the law is a ass ...".

It should not, indeed must not, be so.

 Appellant's fourth ground of error which complains of the indictment's failure to allege a culpable mental state is without merit. *Clark v. State*, 558 S.W.2d 887 (Tex. Cr.App.1977); *Victory v. State*, 547 S.W.2d 1 (Tex.Cr.App.1977).

 The fifth ground asserts that appellant was prejudiced by inadmissible testimony that he is a homosexual.

Upon the facts of this case, we hold that the probative weight of the evidence of appellant's homosexuality outweighed any inflammatory or prejudicial aspects it may have had, and the admission of such evidence was not error. *Stone v. State*, 574 S.W.2d 85 (Tex.Cr.App.1978); *Cobb v. State*, 503 S.W.2d 249 (Tex.Cr.App.1973).

We overrule all of appellant's grounds of error and affirm the judgment.

HUGHES, Justice, dissenting.

I respectfully dissent only inasmuch as the indictment fails to state that appellant was not the victim's spouse.

That part of the statute defining indecency with a child under which appellant was convicted, V.T.C.A., Penal Code Sec. 21.-11(a)(2) (1966), reads as follows:

(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

. . . . .

(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person.

There is no question that Section 21.-11(a)(2) contemplates that an accused has not committed an offense if the person to whom he has exposed himself is his spouse. Stated differently, it is an essential element of the offense that the victim not be the spouse of the accused.

It has been repeatedly held that an indictment must allege all essential elements of the offense charged. *Ex Parte Clark*, 588 S.W.2d 898 (Tex.Cr.App.1979); *Holcomb v. State*, 573 S.W.2d 814 (Tex.Cr.App. 1978); *Ex Parte Mathis*, 571 S.W.2d 186 (Tex.Cr.App.1978). An indictment which fails to allege all elements of the offense is void, since it fails to charge an offense against the law and thereby invoke the jurisdiction of the trial court. *Ex Parte McCurdy*, 571 S.W.2d 31 (Tex.Cr.App.1978); *Ex Parte Cannon*, 546 S.W.2d 266 (Tex.Cr. App.1977); *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App. 1974, appeal dismissed 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795).

It cannot be denied that appellant had actual notice that the victim was not his spouse. However, the two functions of an indictment, to give adequate notice to the accused and to invoke the jurisdiction of the

trial court, are distinctive. *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977). This case is distinguishable from *Jacquez v. State*, 579 S.W.2d 247 (Tex.Cr.App.1979). There the face of the indictment contained allegations which made it legally impossible for the accused to have been married to the victim. The indictment in this case contains no such allegations.