The STATE of Texas, Appellant,

v.

Jonathan R. CAMPBELL, Appellee.

No. 12–99–00335–CR.

Court of Appeals of Texas, Tyler.

March 31, 2000.

Discretionary Review Refused July 26, 2000.

Dick Deguerin, Houston, for Appellant.

Alan Keith Curry, Houston, for Appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

RAMEY, Chief Justice.

The State of Texas brings this appeal to challenge the granting of a motion to quash the indictment which charged Appellee, Jonathan Campbell, with the offense of abuse of official capacity. Appellant claims the trial court abused its discretion in dismissing the indictment for lack of specificity in its allegations and for failure to state an offense. We will affirm.

## BACKGROUND

The Harris County grand jury indicted Appellee for the misdemeanor offense of abuse of official capacity. The indictment alleges in relevant part as follows:

> [O]n or about and between January 7, 1999 and January 18, 1999, (the appellee) did then and there unlawfully, while a public servant, namely a police officer for the City of Houston, and with intent to obtain a benefit and harm and defraud another, intentionally and knowingly violate a law relating to his office and employment, namely Houston Police Department General Order No. 200–08(# 5) [Attention to Duty: Employees will be attentive to their duties at all times. Employees will perform all duties assigned to them.], as authorized pursuant to section 34–23 Code of Ordinances, City of Houston, namely, the defendant did fail to appear for work to perform his duties on Sunday, January 10, 1999, on Monday, January 11, 1999, and on Sunday, January 17th, 1999.

Appellee filed a motion to quash the indictment alleging that it failed to give him proper notice of the charges against him in that it did "not explain specifically how Defendant Campbell benefitted from his alleged absence on three separate days, or how he harmed and defrauded another as a result of his absence." Appellee then alleged that, if the State failed to clarify this ambiguity, Appellee could not adequately prepare a defense. At the hearing on the motion to quash, Appellee expanded his argument, without objection from the State, to include a contention that the indictment failed to charge a crime, claiming that violation of a general order of the police department was not included within the definition of a law as contained in the Penal Code. The State responded to this argument at the hearing and argues on appeal that a general order as alleged is a law as defined in Chapter 39 of the Penal Code.

## DISCUSSION

### 1. Definitions.

A person commits the offense of abuse of official capacity if, as a public servant and with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly violates a law relating to the public servant's office or employment. *See* TEX. PEN. CODE ANN. § 39.02(a)(1) (Vernon 1999). "Law" in this context means a law that specifically applies to a person acting in the capacity of a public servant and that directly or indirectly imposes a duty on the public servant or governs the conduct of the public servant. TEX. PEN. CODE ANN. § 39.01(I)(A)(B) (Vernon 1999). "Law" is further defined as "the constitution or a statute of this State or of the United States, a written opinion of a court of record, a municipal ordinance, an order of a county commissioners court, or a rule authorized by and lawfully adopted under a statute." TEX. PEN. CODE ANN. § 1.07(a)(30) (Vernon 1999). " 'Public servant' means a person, elected, selected, appointed, employed, or otherwise designated as . . . an officer, employee, or agent of government." TEX.

PEN. CODE ANN. § 1.07(a)(41)(A) (Vernon 1999). "Harm" is defined as "anything reasonably regarded as loss, disadvantage, or injury, including harm to another person in whose welfare the person affected is interested." TEX. PEN. CODE ANN. § 1.07(a)(25) (Vernon 1999). "Defraud" is not defined in the Penal Code.

### 2. The Standard of Review.

We review the trial court's ruling on the motion to quash under an abuse of discretion standard. *Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Cr.App.1981). An abuse of discretion occurs when a trial court's decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree, *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Cr.App. 1990), and when the trial court's acts are arbitrary and unreasonable without reference to any guiding rules or principles. *Id.* at 380.

### 3. Lack of Notice.

Appellee contends that the indictment is insufficient for failure to allege how he was to receive a benefit or harm or defraud another. The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense. TEX. CODE CRIM. PROC. ANN. art. 21.04 (Vernon 1999). An indictment is deemed sufficient when it charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 21.11 (Vernon 1999).

The law presumes a defendant to be innocent, which in turn mandates that the accused be presented an indictment from which he may fully ascertain the matters charged. *Slayton v. State*, 633 S.W.2d 934, 936 (Tex.App.—Fort Worth 1982, no pet.). To presume that an accused is guilty and therefore knows the details of his offense, and can thus prepare his defense, despite a vague indictment, is contrary to all proper principles of justice. *Id.* Further, an indictment which fails to allege criminal conduct is subject to being quashed. *State v. Williams*, 780 S.W.2d 891, 894 (Tex.App.—San Antonio 1989, no pet.).

If the manner or means by which an act is done makes an otherwise innocent act a criminal offense, it is necessary to allege the fact showing the manner or means which makes the act a criminal offense. *Ex parte Holbrook*, 609 S.W.2d 541, 543 (Tex.Cr.App.1980); *see also Posey v. State*, 545 S.W.2d 162, 163 (Tex.Cr.App. 1977). The defendant, upon timely exception, may be entitled to a specific allegation of the manner or means utilized in commission of the offense in order to bar subsequent prosecution for the same offense and give him precise notice of the offense with which he was charged. *Castillo v. State*, 689 S.W.2d 443, 449 (Tex.Cr.App.1985) (failure to allege the manner and means used to start a fire in an arson case); *Doyle v. State*, 661 S.W.2d 726, 730 (Tex.Cr.App.1984) (failure to allege the manner and means used to communicate the threat in a retaliation case); *Miller v. State*, 647 S.W.2d 266, 267 (Tex.Cr.App. 1983) (failure to more specifically allege "damage and destroy" in criminal mischief case); *Cruise v. State*, 587 S.W.2d 403, 405 (Tex.Cr.App.1979) (failure to allege manner and means of causing bodily injury in an aggravated robbery); *Haecker v. State*, 571 S.W.2d 920 (Tex.Cr.App.1978) (failure

to allege more specifically the manner and means of "torture" in cruelty to animals allegation).

■ Generally, pleading in the language of the statute which creates and defines the offense charged is sufficient. *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App. 1981); *see also Parr v. State,* 575 S.W.2d 522 (Tex.Cr.App.1979). If the statutory language is completely descriptive of the offense so as to inform the accused of the charge against them, tracking the statutory language would be sufficient; however, if the statutory language is not completely descriptive so that greater particularity is required, then merely tracking the statute would be insufficient. *See Haecker; Doyle; see also Amaya v. State,* 551 S.W.2d 385 (Tex.Cr.App.1977); *Miller v. State,* 677 S.W.2d 737, 741–42 (Tex.App.— Corpus Christi 1984, no pet.).

*Lindsay v. State,* 588 S.W.2d 570 (Tex. Cr.App.1979) is instructive in the case before us. Citing *Amaya* and *Haecker,* the Court of Criminal Appeals held an indictment alleging conspiracy to commit capital murder to be insufficient and that the accused was entitled to know the specific acts constituting the basis of her agreement to "engage in conduct that would constitute [conspiracy]." 588 S.W.2d at 572. The Court further held that the language "capital murder for remuneration and the promise of remuneration" was not factually sufficient to apprise the accused of what her role was or her specific involvement. *Id.*

■ In the case before us, failing to go to work is not inherently criminal and it is the failure to do so with intent to obtain a benefit or harm or defraud another which raises such an act to a criminal level. The State cites us to *Neal v. State,* 689 S.W.2d 420 (Tex.Cr.App.1984) for the proposition that evidentiary matters need not be pled in the indictment. *Neal* is inapposite in this case because it construed the old Section 39.01 of the Penal Code which made misapplication of state property a crime. *See* TEX. PEN. CODE ANN. § 39.01(a)(2) (Vernon 1983). In *Neal,* the defendant was accused of misapplication of a treasury warrant belonging to the State of Texas. 689 S.W.2d at 423. Under the facts of that case, the harm was apparent from the face of the indictment, which was sufficient to allege an offense. *Id.* A similar distinction appears in *Fisher v. State,* 803 S.W.2d 828 (Tex.App.—Dallas 1991, pet. ref'd), a case involving securing execution of a document by deception. As in *Neal,* the harm was apparent from the face of the indictment. *Id.* at 832.

■ However, in the case before us, the harm of taking a day off from work is not apparent from the face of the indictment. The manner and means by which someone was harmed is essential to permit Appellee to prepare a defense. Such allegations should be contained within the charging instrument and not left to the speculation of the defendant. Because the indictment leaves open to speculation how Appellee is alleged to have harmed another, the allegations are not "factually sufficient to apprise the accused of what [he was required to defend against]." *Lindsay; Haecker; Amaya.* "The facts constituting an offense denounced by [Section 39.02 are not] alleged so that the conclusion of law [as to harm or fraud] may be arrived at from the facts stated." *Posey v. State,* 545 S.W.2d at 163.

Based on all of the foregoing, we hold that the trial court did not abuse its discretion in granting the motion to quash. Appellant's issue is overruled.[1]

---

1. Because of our disposition on the issue of notice, we do not reach the issue of whether

The judgment of the trial court is ***affirmed.***

the failure to follow a general order of the Houston police chief is a violation of a "law" as contemplated by the statute.