NUMBER 13-98-400-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ALEJANDRO MARTINEZ
, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez 

Opinion by Justice Yañez



 Appellant Alejandro Martinez was found guilty of aggravated
assault on a police officer.(1) Appellant raises seven issues on appeal. 
We affirm.

 The case was tried before a jury. At trial, appellant's family
members testified that on Easter Sunday, 1997 appellant and his family
went to South Padre Island for the day. Officer Rolando Hernandez,
now with the Brownsville Independent School District Police
Department, but at the time of the incident deputized as a Cameron
County Park Ranger, testified that he arrested appellant's brother for
various motor vehicle infractions committed with an all-terrain vehicle
in a crowded area of the beach. Officer Bernardo Camacho, Jr. of the
Cameron County Parks System stated that Officer Hernandez called for
backup in a panic because a very hostile crowd endangered him. 
According to Camacho, after he came to assist Officer Hernandez, the
two officers were not able to leave the scene until Camacho drew his
pistol in self-defense. 

 After taking appellant's brother to the police station, Officer
Hernandez testified that, with four other officers, he returned to
impound the all-terrain vehicle. All five officers testified that appellant
and his family were very hostile, and did not want to give up the
vehicle. Each officer testified that appellant yelled vulgar epithets at the
police, threatened them, and actively sought to prevent them from
taking the vehicle. Officer Camacho testified that when the officers
sought to arrest appellant for disorderly conduct, appellant pushed one
officer to the side, and ran into the water. The testimony of all
witnesses presented a scene that quickly became chaotic and out of the
police officers' control. 

 All witnesses stated that Officer Jane Opal Cox pursued appellant
into the water. The testimony was conflicting about whether Officer
Cox either pushed or bumped appellant's pregnant sister into the surf. 
Appellant's sister, eight and one half months pregnant, testified that
she was trying to calm down the situation. Most of the defense
witnesses testified that Officer Cox was taunting appellant. Most
witnesses testified that appellant used verbally abusive language
towards Officer Cox while in the water. Officer Cox explained that she
and appellant skirmished in the water. Officer Hector Leandro, a game
warden with the Texas Department of Parks and Wildlife, testified that
appellant grabbed Officer Cox, shoved her, and held her head under the
water with both of his hands. All five officers at the scene testified that
it took all of them to pacify appellant and place him under arrest. The
jury found him guilty of aggravated assault on a police officer for
holding Officer Cox's head under the water for extended periods of time. 

 In his first two issues, appellant questions the legal and factual
sufficiency of the evidence used to disprove his claim of self-defense. 
In a legal sufficiency review, the reviewing court views the evidence in
the light most favorable to the verdict to determine whether a rational
trier of fact could have found the essential elements of the crime as
alleged in the indictment beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Williams v. State, 937 S.W.2d 479,
482 (Tex. Crim. App. 1996). In a factual sufficiency review, a reviewing
court sets aside the verdict only if it is so contrary to the weight of the
evidence as to be clearly wrong and unjust. Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). 

 There was conflicting testimony as to the conduct of Officer Cox
and the other officers at the scene, as well as the actions of other
people at the scene. The jury received all of the evidence and made a
decision. It had more than sufficient evidence to find the essential
elements of aggravated assault against a police officer. Further, the jury
had sufficient evidence to disbelieve appellant's affirmative defense of
self-defense beyond a reasonable doubt. The jury has the right to
resolve conflicts in testimony as it sees fit. See Tex. Code Crim. Proc.
Ann. art. 38.4 (Vernon 1979); Clewis, 922 S.W.2d at 133. We will not
interfere with the jury's determination because it is neither so contrary
to the weight of the evidence as to be clearly wrong and unjust, nor is
it irrational that a trier of fact could have found the essential elements
of the crime as alleged in the indictment beyond a reasonable doubt. 
See Clewis, 922 S.W.2d at 129; Williams, 937 S.W.2d at 482 (Tex.
Crim. App. 1996). We overrule appellant's first and second issues.

 In his third issue for review, appellant's attorney argues that "the
trial court should have granted [appellant's] motion to quash requiring
the State to specify what his own acts were said to have been." We
review the trial court's ruling on a motion to quash under an abuse of
discretion standard. Thomas v. State, 621 S.W.2d 158, 163 (Tex. Crim.
App. 1981). An indictment is sufficient when it charges the
commission of the offense in ordinary and concise language in such a
manner as to enable a person of common understanding to know what
is meant, and with a degree of certainty that will give the defendant
notice of the particular offense with which he is charged, and enable
the court, on conviction, to pronounce the proper judgment. See Tex.
Code Crim. Proc. Ann. art. 21.11 (Vernon 1989). The State, however,
is not required to plead evidentiary facts which are not essential to
provide such notice. Clayton v. State, 633 S.W.2d 934, 937 (Tex. App.--Fort Worth 1982, no pet.). Unless a fact is essential for notice to the
accused, the indictment need not express the evidence relied upon by
the State. Phillips v. State, 597 S.W.2d 929, 935 (Tex. Crim App.
1980). 

 The indictment reads that appellant:

[did] intentionally, knowingly, and recklessly cause bodily
injury to Jane Cox by holding Jane Cox's head under water,
and the defendant did then and there use and exhibit a
deadly weapon, to-wit: water, that in the manner of its use
or intended use was capable of causing serious bodily injury
or death, during the commission of said assault, and the said
Jane Cox was then and there a public servant to wit: a Park
Ranger in the lawful discharge of an official duty, to wit: 
attempting to arrest the defendant, and the said defendant
knew Jane Cox was a public servant[.]


Appellant's act and his manner and means of holding Officer Cox's
head under water is clearly laid out in the indictment. It is common
sense that she could drown in the water if he held her head beneath the
surface long enough. Appellant received all of the facts essential to
receive adequate notice of the charges in the indictment. We overrule
appellant's third issue.

 In his fourth issue, appellant claims that a video taken by a
bystander of the very end of the incident was protected by attorney-client privilege. The Court of Criminal Appeals has stated that this
privilege has a

pragmatic justification: the need for lawyers "to know all
that relates to the client's reasons for seeking representation
if the professional mission is to be carried out." . . . [T]he
aspirational purpose of the privilege is the promotion of
communication between attorney and client unrestrained by
fear that these confidences may later be revealed. 

 

 

 

Strong v. State, 773 S.W.2d 543, 547 (Tex. Crim. App. 1989) (citations
omitted). On appeal, appellant claims that the tape was a confidential
communication. But until making this argument on appeal, appellant
used the tape to allege wrongful conduct by the police officers and to
bolster his claim of self-defense. The tape shows nothing confidential;
it is evidence. Furthermore, the tape, which is extremely short, does
nothing to support appellant's claim, and shows little more than a
crowd of people as appellant is led into a police car. We overrule
appellant's fourth issue.

 In his fifth and sixth issues, appellant argues that the trial court
erred by excluding two expert witnesses. Appellant argued that the
witnesses were experts in the area of the use of excessive force by
police officers. Expert testimony in areas that are based primarily upon
experience and training, as opposed to the scientific method, may be
established as reliable evidence if: 1) the field of expertise involved is
a legitimate one; 2) the subject matter of the expert's testimony is
within the scope of that field; and 3) the expert's testimony properly
relies upon or utilizes the principles involved in that field. Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). An appellate
court reviewing a trial court's ruling on the admissibility of evidence
must utilize an abuse-of-discretion standard of review. Id. An abuse
of discretion occurs when a trial court's decision is so clearly wrong as
to lie outside that zone within which reasonable persons might
disagree. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990). Under this standard, an appellate court should only reverse
when the trial court's acts are arbitrary and unreasonable, and without
reference to any guiding rules or principles. Id. at 380. The record
reflects both arguments in favor of, and against the probative value of
the experts' testimony and the experts' qualifications. As such, we see
no abuse of discretion, and overrule appellant's fifth and sixth points of
error.

 In his seventh issue, appellant argues the trial court erred by not
considering the factors listed in United States v. Benavides, 596 F.2d
137 (5th Cir. 1979), during the punishment phase of trial when
appellant was not present and the trial court decided to continue
without him. The Texas Court of Criminal Appeals explained, 

[W]e decline to adopt . . . the reasoning in United States v.
Benavides . . . which holds that even if a defendant's
absence is voluntary, a court may not proceed with trial
unless it first considers a "complex" of issues which include
the likelihood that the trial can soon take place with the
defendant present; the difficulty of rescheduling the trial; the
burden on the Government in having to undertake two trials;
and the inconvenience to the jurors. Such analysis is not
required under Art. 33.03, although the trial court, in its
discretion, may take such matters and others under
consideration in deciding whether or not to proceed.(2)


Moore v. State, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984); see also
Miller v. State, 672 S.W.2d 88, 91 (Tex. Crim. App. 1985).

 The factors listed in Benavides are important common sense
considerations that a judge should bear in mind when deciding whether
or not to continue in the absence of a defendant. Appellant's attorney
presented the excuse that appellant was caring for his sick mother. The
State suggested that it appeared he had fled to Mexico. When the
Benavides factors are expressly in the record for appellate review, it is
relatively simple to determine whether the judge abused his discretion. 
However, in light of the rulings in Moore and in Miller, we will not
remand for re-sentencing. We overrule appellant's seventh issue.

 We AFFIRM the judgment of the trial court.


 ____________________________________

LINDA REYNA YAÑEZ

Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

the 10th day of August, 2000.

1. Tex. Pen. Code Ann. § 22.02 (Vernon 1994).
2. Article 33.03, provides in pertinent part:


In all prosecutions for felonies, the defendant must be
personally present at the trial, . . . provided, however, that
in all cases, when the defendant voluntarily absents
himself after pleading to the indictment or information, or
after the jury has been selected when the trial is before a
jury, the trial may proceed to its conclusion. 


 Tex. Code Crim. Proc. Ann. art 33.03 (Vernon 1989).