COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-374-CR

 

 

THE STATE OF TEXAS                                                                STATE

                                                   V.

 

 

RUSSELL GOODMAN                                                              APPELLEE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








The State appeals the trial
court=s order quashing the information in which appellee, Russell Goodman,
was charged with violating the Texas Clean Air Act.  In its sole point, the State argues that the
trial court abused its discretion by granting the motion to quash because the
information set forth all of the elements of the offense, sufficiently negated
the exceptions to the offense, and provided sufficient notice to Goodman of the
charges being brought against him.  We
affirm.

II.  Background Facts

On January 25, 2005, the
State filed an information and complaint alleging that on May 17, 2004, Goodman
Adid then and there unlawfully, intentionally[,] or knowingly cause,
allow, or permit outdoor burning.@  On August 18, 2005, Goodman
filed a motion to quash the information stating that the information failed to
give him adequate notice of the charges brought against him because of the
vagueness and lack of specificity in the information.  On August 24, 2005, the State filed a motion
to amend the information, and on September 14, 2005, after hearing arguments on
Goodman=s motion to quash and the State=s motion to amend the information, the trial court granted the State=s motion to amend but also granted Goodman=s motion to quash on the same day. 
The State=s amended
information alleged that Goodman intentionally or knowingly burned domestic
waste.

III.  Motion to Quash

In its sole point, the State
contends that the trial court erred by granting Goodman=s motion to quash the amended information.








A.  Standard of Review

 The rules with respect to the certainty
required in an indictment also apply to an information.  See Studer v. State, 799 S.W.2d 263,
268 (Tex. Crim. App. 1990).  The
sufficiency of an indictment is a question of law.  State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004).  Therefore, we
review a trial court=s ruling on
a motion to quash an information de novo. 
Id. 

B.  Applicable Law








Both the Sixth Amendment to
the United States Constitution and article 1, section 10 of the Texas
Constitution require the State to give a defendant notice before trial of the
nature and cause of the accusation against him. 
See U.S. Const. VI;
Tex. Const. art. I, ' 10; Flores v. State, 33 S.W.3d 907, 917 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Article 21.20 of the code
of criminal procedure provides that A[a]n >information= is a written statement filed and presented in behalf of the State by
the district or county attorney, charging the defendant with an offense which
may by law be so prosecuted.@   Tex. Code Crim. Proc. Ann. art. 21.20 (Vernon 1989).  Article 21.21(7) requires that Athe offense be set forth in plain and intelligible words.@  Id. art. 21.27(7).  Article 21.23 provides that the certainty
required in an indictment also apply to an information.  Id. art. 21.23.  Article 21.04 provides, AThe certainty required in an indictment is such as will enable the
accused to plead the judgment that may be given upon it in bar of any
prosecution for the same offense.@  Id. art. 21.04.  

Article 27.01 of the code of
criminal procedure provides, AThe primary pleading in a criminal action on the part of the State is
the indictment or information.@  Id. art. 27.01 (Vernon
1989).  Article 28.04 states that if a
defendant=s motion to
quash is granted by the trial court in a misdemeanor case, the defendant shall
be discharged, but the State may prosecute him again within the time allowed by
law.  Id. art. 28.04 (Vernon
1989).  Article 28.10 provides when an
amendment to an information or indictment is allowed.  Id. art. 28.10.  The pertinent part of the statute provides,

(a) After notice to the defendant, a matter of
form or substance in an indictment or information may be amended at any time
before the date the trial on the merits commences.  On the request of the defendant, the court
shall allow the defendant not less than 10 days, or a shorter period if
requested by the defendant, to respond to the amended indictment or
information.

 

Id. art.
28.10(a).

Article 28.11 states, AAll amendments of an indictment or information shall be made with the
leave of the court and under its discretion.@  Id. art. 28.11.

C.  Applicable Facts

The amended information
provided,








NOW
COMES, Bruce Isaacks, Criminal District Attorney of the County of Denton of the
State of Texas, and in behalf of the State of Texas, presents in the County
Criminal Court of Denton County, Texas, at the January Term, 2005, of said
Court, that RUSSELL GOODMAN, who is hereinafter styled defendant, on or about
the 17th day of May, A.D., 2004, and before the making and filing of
this Information, in the County of Denton of the State of Texas, did then and
there unlawfully, intentionally or knowingly cause, allow, or permit outdoor
burning, to wit:  RUSSELL GOODMAN burned
domestic waste at a property designed for and used exclusively as a private
residence, housing not more than three families, when collection of domestic
waste is not provided or authorized by the local government entity having
jurisdiction, and when the waste is generated only from that property, and also
burned illegal burning materials, within the State of Texas in violation of an
order, permit, or exemption issued or a rule adopted under Chapter 382,[]
Health and Safety Code, to wit:  Title
30, Texas Administrative Code Rule Section 111.201, and the outdoor burning was
not authorized by the Executive Director of the Texas Commission of
Environmental Quality, nor was the outdoor burning authorized by an exception
contained in Title 30, Texas Administrative Code Rule Sections 11[1].205,
11[1].207, 111.209, 111.211, 111.213.

 

D. Analysis

The State argues that Goodman
was provided sufficient notice of the crime that he was charged with
committing.  Goodman, on the other hand,
contends that the amended information was insufficient to provide him adequate
notice of the offense.  Specifically,
Goodman asserts that the information failed to provide notice of how his
conduct specifically violated Athe complex statutory scheme alleged against him.@








The law presumes innocence,
which in turn mandates that the accused be presented an information from which
he may fully ascertain the matters charged. 
Slayton v. State, 633 S.W.2d 934, 936 (Tex. App._Fort
Worth 1982, no pet.).  To presume that an
accused is guilty and therefore already knows the details of his offense, and
thus can adequately prepare his defense, despite a vague indictment, is
contrary to all proper principles of justice. 
Id.; see State v. Campbell, 113 S.W.3d 9, 12 (Tex. App._Tyler
2000, pet. ref=d).      If
an indictment or information contains allegations regarding all the necessary
elements of the offense, so that it is not fundamentally defective and void,
and if a defendant requests additional factual information upon which to
prepare a defense, a defect of form has been raised and the State may properly
amend the indictment to reflect the requested information.  DeVaughn v. State, 749 S.W.2d 62, 67
(Tex. Crim. App. 1988); Janecka v. State, 739 S.W.2d 813, 819 (Tex.
Crim. App. 1987), overruling in part Brasfield v. State, 600 S.W.2d 288
(Tex. Crim. App. 1980), cert. denied, 522 U.S. 825 (1997).  Here, appellant timely filed a motion to
quash the information, and the State amended the information by adding 

to
wit:  RUSSELL GOODMAN burned domestic
waste at a property designed for and used exclusively as a private residence,
housing not more than three families, when collection of domestic waste is not
provided or authorized by the local government entity having jurisdiction, and
when the waste is generated only from that property, and also burned illegal
burning materials, within the State of Texas in violation of an order, permit,
or exemption issued or a rule adopted under Chapter 382,[] Health and Safety
Code. 

 








Thus, the issue becomes whether the amended
information on its face fails to convey some requisite item of notice.  DeVaughn, 749 S.W.2d at 68.  The notice provided by the information in
question must be examined from the perspective of the accused in light of his
constitutional presumption of innocence. 
Id.; King v. State, 594 S.W.2d 425, 426 (Tex. Crim. App.
1980); cert. denied, 459 U.S. 928 (1982).  A motion to quash should only be granted when
the language regarding the accused=s conduct is so vague or indefinite that it fails to give the accused
adequate notice of the acts he allegedly committed.  DeVaughn, 749 S.W.2d at 67.








The court of criminal appeals
has held that an indictment or information which tracks the language of a
statute which defines the act constituting the offense is sufficient to convey
adequate notice to an accused only where the language of the statute is
itself completely descriptive of the offense. 
Id. at 69.  In cases where
the statutory language is not completely descriptive of the offense, then
additional specificity will be required in the face of a timely motion to
quash.  Id.; Haecker v. State,
571 S.W.2d 920, 921 (Tex. Crim. App. [Panel Op.] 1978).  When a defendant petitions for sufficient
notice of the State=s charge by
motion to quash adequately setting out the manner in which notice is deficient,
the presumption of innocence coupled with his right to notice requires that he
be given such notice.  DeVaughn,
749 S.W.2d at 69; Drumm v. State, 560 S.W.2d 944, 947 (Tex. Crim. App.
1977).








Here, the first part of the
amended information fails to charge Goodman with an offense.  The information alleges that Goodman Aburned domestic waste at a property designed for and used exclusively
as a private residence, housing not more than three families, when collection
of domestic waste is not provided or authorized by the local government entity
having jurisdiction, and when the waste is generated only from that property.@  However, section 111.209 of
the administrative code states an exception for domestic waste disposal.[1]  30 Tex.
Admin. Code ' 111.209(1)
(2004) (Tex. Comm=n on
Environmental Quality, Exception for Disposal Fires).  An information or indictment which fails to
allege criminal conduct is subject to being quashed.  State v. Campbell, 113 S.W.3d 9, 12
(Tex. App.CTyler 2000,
pet. ref=d).  Thus, the amended
information fails to state facts which if proved would constitute a criminal
offense.  See State v. Williams,
780 S.W.2d 891, 894 (Tex. App.CSan Antonio 1989, no pet.).  

Additionally, in the second
part of the amended information, the State fails to state in Aplain and intelligible words@ what Goodman was charged with burning.  See Tex.
Code Crim. Proc. Ann. art. 21.02(7); see also Prudhome v. State,
989 S.W.2d 852, 853 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (holding indictment was not in Aplain and intelligible words@). The information merely states that Goodman was charged with burning
Aillegal burning materials.@  However, we are unable to
ascertain what materials he burned that violated one of the statutes listed in
the information.  The amended information
merely states that the illegal burning materials do not fall within an
exception provided in the administrative code and lists several statutory
provisions of the code.  The amended
information does not tell Goodman what item the State alleges he
illegally burned.  See Adams v. State,
707 S.W.2d 900, 902 (Tex. Crim. App. 1986). 









After reviewing the
information on its face, we are unable to determine what Goodman was charged
with burning and whether it fell within the list of items that can be burned or
the list of items that cannot be burned. 
By using the term Aillegal
burning materials,@ we cannot
tell whether the State is charging Goodman with burning one item or multiple
items.  Therefore, we hold that the State
failed to give Goodman adequate notice of the item or items that he allegedly
illegally burned.  Thus, we overrule the
State=s sole point.

IV. Conclusion

Having overruled the State=s sole point, we affirm the trial court=s judgment.  

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

PUBLISH

 

DELIVERED:
July 6, 2006











[1]Section
111.209 provides for an exception for disposal fires.  Section 111.209(1) provides that outdoor burning
shall be authorized for A[d]omestic
waste burning at a property designed for and used exclusively as a private
residence, housing not more than three families, when collection of domestic
waste is not provided or authorized by the local governmental entity having
jurisdiction, and when the waste is generated only from that property.@  30 Tex.
Admin. Code '
111.209(1).