In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-014 CR


____________________



THE STATE OF TEXAS, Appellant



V.



EDWIN MICHAEL WATTS, Appellee






On Appeal from the 258th District Court 


Polk County, Texas


Trial Cause No. 18,509






MEMORANDUM OPINION


 The State appeals the trial court's order granting appellee Edwin Michael Watt's
motion to quash Count II of the indictment, which charged him with the Class A
misdemeanor offense of abuse of official capacity for violating section 11.154 of the Texas
Education Code. See Tex. Pen. Code Ann. § 39.02(a)(1) (Vernon 2003); Tex. Educ. Code
Ann. § 11.154 (Vernon 2006). We affirm.

 Watts worked at the Livingston Independent School District bus barn and allegedly
sold used tires without the school district's permission. Count II of the indictment charged
Watts with abuse of official capacity and stated the following:

 And it is further presented in and to said Court that [Watts] in the
County of Polk and State of Texas, on or about the 6th day of July, 2005, did
then and there with intent to obtain a benefit or with intent to harm and defraud
another, intentionally or knowingly violate a law relating to [Watts]'s office
or employment, to-wit Texas Education Code, Section 11[.]154 (Vernon's
Supp 2003) in that [Watts] sold property of the Livingston Independent School
District without authorization of the Livingston Independent School District
Board of Trustees and [Watts] was then and there a public servant, to-wit a
transportation employee of the Livingston Independent School District at the
time of the commission of said offense[.]


Watts filed a motion to quash Count Two of the indictment asserting Count Two was vague,
did not set forth sufficient facts or an offense, and was insufficient in law because section
11.154 of the Texas Education Code did not apply to him. The trial court held a hearing and
granted the motion to quash Count Two of the indictment. The State appeals. 

 The sufficiency of an indictment is a question of law. State v. Moff, 154 S.W.3d 599,
601 (Tex. Crim. App. 2004). Because the sufficiency of an indictment does not turn on an
evaluation of the credibility and demeanor of a witness, then the trial court is not in a better
position to make the determination, so an appellate court should review de novo the ruling
on the motion to quash. Id. If a defendant objects to the indictment, the indictment must
allege on its face the facts necessary to show that an offense was committed, to bar a
subsequent prosecution for the same offense, and to give the defendant notice of precisely
what he is charged with. Id. A motion to quash should be granted only when the language
referring to the defendant's conduct is so vague or indefinite that the defendant is denied
effective notice of the alleged offense committed. State v. Seibert, 156 S.W.3d 32, 35 (Tex.
App.--Dallas 2004, no pet.).

 A public servant commits the offense of abuse of official capacity "if, with intent to
obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly . .
. violates a law relating to [his] office or employment[.]" Tex. Pen. Code Ann. 39.02(a)(1). 
"'Public servant' [includes] a person, elected, selected, appointed, employed, or otherwise
designated as . . . an officer, employee, or agent of government[.]" Tex. Pen. Code Ann. §
1.07(a)(41)(A) (Vernon Supp. 2006). Section 39.01(1) defines section 39.02(a)(1)'s term
"law relating to the public servant's office or employment" as "a law that specifically applies
to a person acting in the capacity of a public servant and that directly or indirectly . . .
imposes a duty on the public servant . . . or . . . governs the conduct of the public servant." 
Tex. Pen. Code Ann. § 39.01(1)(A)(B) (Vernon 2003). The term "law" includes Texas
statutes. See Tex. Pen. Code Ann. § 1.07(a)(30). 

 On appeal, the State contends the trial court erred in granting Watts's motion to quash
because 

 Count Two of the indictment tracks Penal Code Section 39.02(a), alleges with
particularity the capacity in which [Watts] was acting (as a transportation
employee of the Livingston Independent School District[]), identifies the
statute [Watts] allegedly violated (Section 11.154 of the Education Code
governing the sale of school property) and specifies the manner in which
[Watts] violated Section 11.154 of the Education Code-by selling school
district property without the authorization of the board of trustees.


Watts maintains section 11.154 does not apply to him, and therefore, Count Two of the
indictment was vague, indefinite and incomprehensible; did not set forth facts sufficient to
constitute an offense against the laws of the State of Texas; did not set forth an offense; and
was insufficient in law. 

 It is undisputed that Watts was a public servant at the time relevant to the State's
allegations and that section 11.154 is a "law." We must decide whether, in this case, section
11.154(a) of the Texas Education Code (1) constitutes a "law relating to the public servant's
office or employment" for section 39.02(a)(1) purposes. Section 11.154 of the Texas
Education Code authorizes the sale of property other than minerals that is held in trust for
public school purposes:

 (a) The board of trustees of an independent school district may, by
resolution, authorize the sale of any property, other than minerals, held in trust
for public school purposes.

 (b) The president of the board of trustees shall execute a deed to the
purchaser of the property reciting the resolution of the board of trustees
authorizing the sale.

 (c) A school district may employ, retain, contract with, or compensate
a licensed real estate broker or salesperson for assistance in the acquisition or
sale of real property.


Tex. Educ. Code Ann. § 11.154. The State argues that subsection (a) provides that the
exclusive authority for the sale of school district property rests with the school district board
of trustees, and therefore indirectly prohibits individual employees of the school district from
selling property other than minerals held in trust for public school purposes. In deciding
whether section 11.154 is a law relating to Watts's office or employment, we must first
determine the type or class of public servant to which section 11.154 applies. 

 When interpreting a statute, we must give effect to the plain meaning of the statutory
text, unless the language is ambiguous or the plain meaning leads to absurd results that the
Legislature could not possibly have intended. Boykin v. State, 818 S.W.2d 782, 785 (Tex.
Crim. App. 1991). In determining the plain meaning of the text, we read words and phrases
in context and construe them in accordance with "the rules of grammar and usage." Sanchez
v. State, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999)(quoting Tex. Gov't Code Ann.§
311.011(a) (Vernon 2005)). In addition, "'[w]e generally presume that every word in a
statute has been used for a purpose and that each word, phrase, clause, and sentence should
be given effect if reasonably possible.'" Whitelaw v. State, 29 S.W.3d 129, 131 (Tex. Crim.
App. 2000)(quoting State v. Hardy, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997)).

 Texas Education Code Section 11.154(a) is included in Chapter 8, Subchapter D,
entitled "Powers and Duties of Board of Trustees of Independent School District." Section
11.154(a) grants the board of trustees of an independent school district the power to authorize
the sale of property (other than minerals) held in trust for public school purposes. See Tex.
Educ. Code Ann.§ 11.154(a). While subsection (a) specifically applies to a board of
trustees, section 39.01(1) requires that the public servant to which the law specifically refers
be the same public servant that the law imposes a duty upon or governs the conduct of. See
Tex. Pen. Code Ann. § 39.01(1); Tex. Educ. Code Ann. § 11.154. This is evidenced by
the Legislature's wording of the statute requiring that in order for the law to constitute a "law
relating to the public servant's office or employment," the law must specifically apply "to a
person acting in the capacity of a public servant," and either impose a duty "on the public
servant" or govern the conduct "of the public servant." Tex. Pen. Code Ann. §
39.01(1)(emphasis added). In other words, for the law to relate to Watts's office or
employment, the law must specifically apply to him and impose a duty, directly or indirectly,
on him or govern his conduct. Because Watts is a school district employee working at the
school district's bus barn and is not a trustee, this subsection does not specifically apply to
him. See id. Section 11.154, therefore, cannot meet the definition of a "law relating to a
public servant's office or employment" under Texas Penal Code Section 39.01 in the present
case. We need not address whether the law directly or indirectly imposes a duty on Watts or
governs his conduct. See id. 

 The State argues that if this Court holds that section 11.154 does not apply to Watts
then we would render the section meaningless because "then employees will be free to sell
school district property according to their own terms with impunity." We disagree. Texas
laws provide other offenses for which such employees could be indicted. See, e.g., Tex. Pen.
Code Ann. § 31.03(a), (f)(1) (Vernon Supp. 2006) (Theft by Public Servant) (2). 

 We agree with the State that the Texas Court of Criminal Appeals has held that
"[s]ubject to rare exceptions, an indictment which tracks the language of the penal statute
will be legally sufficient. . . ." DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim. App.
1988). (ANT:10-11) Here, Count Two of the indictment tracked the language of section
39.02(a)(1), but because section 11.154 cannot meet the definition of a "law relating to a
public servant's office or employment" under Texas Penal Code Section 39.01(1), the
requirements for the offense of abuse of official capacity under section 39.02(a)(1) cannot
be met. A charge of abuse of official capacity cannot be based, in the present case, on a
violation of section 11.154. The trial court did not err in granting Watt's motion to quash
because Count Two of the indictment here fails to allege an offense. See State v. Campbell,
113 S.W.3d 9, 12 (Tex. App--Tyler 2000, pet. ref'd) (citing State v. Williams, 780 S.W.2d
891, 894 (Tex. App.--San Antonio 1989, no pet.) for the proposition that an indictment
failing to allege criminal conduct is subject to being quashed). We overrule the State's sole
issue on appeal and affirm the trial court's order granting Watts's motion to quash Count
Two of the indictment.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice

Submitted on June 13, 2007

Opinion Delivered August 15, 2007

Do not publish


Before McKeithen, C.J., Kreger, and Horton, JJ.
1. Although Count Two of the indictment alleges Watts violated Texas Education
Code Section 11.154, the only subsection the State argues Watts violated was subsection
(a). 
2. In fact, Count I of the indictment in the present case charged Watts with the
offense of Theft by Public Servant pursuant to Tex. Pen. code Ann. § 31.03(f).