STATE V. GOODMAN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-374-CR

THE STATE OF TEXAS STATE

V.

RUSSELL GOODMAN APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

OPINION

------------

I.  Introduction

The State appeals the trial court’s order quashing the information in which appellee, Russell Goodman, was charged with violating the Texas Clean Air Act.  In its sole point, the State argues that the trial court abused its discretion by granting the motion to quash because the information set forth all of the elements of the offense, sufficiently negated the exceptions to the offense, and provided sufficient notice to Goodman of the charges being brought against him.  We affirm.

II.  Background Facts

On January 25, 2005, the State filed an information and complaint alleging that on May 17, 2004, Goodman “did then and there unlawfully, intentionally[,] or knowingly cause, allow, or permit outdoor burning.”  On August 18, 2005, Goodman filed a motion to quash the information stating that the information failed to give him adequate notice of the charges brought against him because of the vagueness and lack of specificity in the information.  On August 24, 2005, the State filed a motion to amend the information, and on September 14, 2005, after hearing arguments on Goodman’s motion to quash and the State’s motion to amend the information, the trial court granted the State’s motion to amend but also granted Goodman’s motion to quash on the same day.  The State’s amended information alleged that Goodman intentionally or knowingly burned domestic waste.

III.  Motion to Quash

In its sole point, the State contends that the trial court erred by granting Goodman’s motion to quash the amended information.

A.  Standard of Review

 The rules with respect to the certainty required in an indictment also apply to an information.  
See Studer v. State
, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990).  The sufficiency of an indictment is a question of law.  
State v. Moff
, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).  Therefore, we review a trial court’s ruling on a motion to quash an information de novo.  
Id. 

B.  Applicable Law

Both the Sixth Amendment to the United States Constitution and article 1, section 10 of the Texas Constitution require the State to give a defendant notice before trial of the nature and cause of the accusation against him.  
See
 
U.S. Const
. VI; 
Tex. Const.
 art. I, § 10; 
Flores v. State
, 33 S.W.3d 907, 917 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  Article 21.20 of the code of criminal procedure provides that “[a]n ‘information’ is a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.”   
Tex. Code Crim. Proc. Ann.
 art. 21.20 (Vernon 1989).  Article 21.21(7) requires that “the offense be set forth in plain and intelligible words.”  
Id. 
art. 21.27(7).  Article 21.23 provides that the certainty required in an indictment also apply to an information.  
Id. 
art. 21.23.  Article 21.04 provides,
 “The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense.”  
Id.
 art. 21.04.  

Article 27.01 of the code of criminal procedure provides, “The primary pleading in a criminal action on the part of the State is the indictment or information.”  
Id. 
art. 27.01 (Vernon 1989).  Article 28.04 states that if a defendant’s motion to quash is granted by the trial court in a misdemeanor case, the defendant shall be discharged, but the State may prosecute him again within the time allowed by law.  
Id. 
art. 28.04 (Vernon 1989).  Article 28.10 provides when an amendment to an information or indictment is allowed.  
Id. 
art. 28.10.  The pertinent part of the statute provides,

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences.  On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

Id.
 art. 28.10(a).

Article 28.11 states, “All amendments of an indictment or information shall be made with the leave of the court and under its discretion.”  
Id. 
art. 28.11.

C.  Applicable Facts

The amended information provided,

NOW COMES, Bruce Isaacks, Criminal District Attorney of the County of Denton of the State of Texas, and in behalf of the State of Texas, presents in the County Criminal Court of Denton County, Texas, at the January Term, 2005, of said Court, that RUSSELL GOODMAN, who is hereinafter styled defendant, on or about the 17
th
 day of May, A.D., 2004, and before the making and filing of this Information, in the County of Denton of the State of Texas, did then and there unlawfully, intentionally or knowingly cause, allow, or permit outdoor burning, to wit:  RUSSELL GOODMAN burned domestic waste at a property designed for and used exclusively as a private residence, housing not more than three families, when collection of domestic waste is not provided or authorized by the local government entity having jurisdiction, and when the waste is generated only from that property, and also burned illegal burning materials, within the State of Texas in violation of an order, permit, or exemption issued or a rule adopted under Chapter 382,[] Health and Safety Code, to wit:  Title 30, Texas Administrative Code Rule Section 111.201, and the outdoor burning was not authorized by the Executive Director of the Texas Commission of Environmental Quality, nor was the outdoor burning authorized by an exception contained in Title 30, Texas Administrative Code Rule Sections 11[1].205, 11[1].207, 111.209, 111.211, 111.213.

D. Analysis

The State argues that Goodman was provided sufficient notice of the crime that he was charged with committing.  Goodman, on the other hand, contends that the amended information was insufficient to provide him adequate notice of the offense.  Specifically, Goodman asserts that the information failed to provide notice of how his conduct specifically violated “the complex statutory scheme alleged against him.”

The law presumes innocence, which in turn mandates that the accused be presented an information from which he may fully ascertain the matters charged.  
Slayton v. State
, 633 S.W.2d 934, 936 (Tex. App.སྭFort Worth 1982, no pet.)
.  To presume that an accused is guilty and therefore already knows the details of his offense, and thus can adequately prepare his defense, despite a vague indictment, is contrary to all proper principles of justice.  
Id.
; 
see State v. Campbell
, 113 S.W.3d 9, 12 (Tex. App.སྭTyler 2000, pet. ref’d).   If an indictment or information contains allegations regarding all the necessary elements of the offense, so that it is not fundamentally defective and void, and if a defendant requests additional factual information upon which to prepare a defense, a defect of form has been raised and the State may properly amend the indictment to reflect the requested information.  
DeVaughn v. State
, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988); 
Janecka v. State
, 739 S.W.2d 813, 819 (Tex. Crim. App. 1987), 
overruling in part Brasfield v. State
, 600 S.W.2d 288 (Tex. Crim. App. 1980), cert. denied, 522 U.S. 825 (1997).  Here, appellant timely filed a motion to quash the information, and the State amended the information by adding 

to wit:  RUSSELL GOODMAN burned domestic waste at a property designed for and used exclusively as a private residence, housing not more than three families, when collection of domestic waste is not provided or authorized by the local government entity having jurisdiction, and when the waste is generated only from that property, and also burned illegal burning materials, within the State of Texas in violation of an order, permit, or exemption issued or a rule adopted under Chapter 382,[] Health and Safety Code. 

Thus, the issue becomes whether the amended information on its face fails to convey some requisite item of notice.  
DeVaughn
, 749 S.W.2d at 68.  The notice provided by the information in question must be examined from the perspective of the accused in light of his constitutional presumption of innocence.  
Id.
; 
King v. State
, 594 S.W.2d 425, 426 (Tex. Crim. App. 1980);
 cert. denied
, 459 U.S. 928 (1982).  A motion to quash should only be granted when the language regarding the accused’s conduct is so vague or indefinite that it fails to give the accused adequate notice of the acts he allegedly committed.  
DeVaughn
, 749 S.W.2d at 67.

The court of criminal appeals has held that an indictment or information which tracks the language of a statute which defines the act constituting the offense is sufficient to convey adequate notice to an accused 
only 
where the language of the statute is itself completely descriptive of the offense.  
Id. 
at 69.  In cases where the statutory language is not completely descriptive of the offense, then additional specificity will be required in the face of a timely motion to quash.  
Id.
; 
Haecker v. State
, 571 S.W.2d 920, 921 (Tex. Crim. App. [Panel Op.] 1978).  When a defendant petitions for sufficient notice of the State’s charge by motion to quash adequately setting out the manner in which notice is deficient, the presumption of innocence coupled with his right to notice requires that he be given such notice.  
DeVaughn
, 749 S.W.2d at 69; 
Drumm v. State
, 560 S.W.2d 944, 947 (Tex. Crim. App. 1977).

Here, the first part of the amended information fails to charge Goodman with an offense.  The information alleges that Goodman “burned domestic waste at a property designed for and used exclusively as a private residence, housing not more than three families, when collection of domestic waste is not provided or authorized by the local government entity having jurisdiction, and when the waste is generated only from that property.”  However, section 111.209 of the administrative code states an exception for domestic waste disposal.
(footnote: 1)  30 
Tex. Admin. Code 
§ 111.209(1) (2004) (Tex. Comm’n on Environmental Quality, Exception for Disposal Fires).  An information or indictment which fails to allege criminal conduct is subject to being quashed.  
State v. Campbell
, 113 S.W.3d 9, 12 (Tex. App.—Tyler 2000, pet. ref’d).  Thus, the amended information fails to state facts which if proved would constitute a criminal offense.  
See State v. Williams
, 780 S.W.2d 891, 894 (Tex. App.—San Antonio 1989, no pet.).  

Additionally, in the second part of the amended information, the State fails to state in “plain and intelligible words” what Goodman was charged with burning.  
See 
Tex. Code Crim. Proc. Ann.
 art. 21.02(7); 
see also Prudhome v. State
, 989 S.W.2d 852, 853 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding indictment was not in “plain and intelligible words”). The information merely states that Goodman was charged with burning “illegal burning materials.”  However, we are unable to ascertain what materials he burned that violated one of the statutes listed in the information.  The amended information merely states that the illegal burning materials do not fall within an exception provided in the administrative code and lists several statutory provisions of the code.  The amended information does not tell Goodman 
what 
item the State alleges he illegally burned.  
See Adams v. State
, 707 S.W.2d 900, 902 (Tex. Crim. App. 1986).  

After reviewing the information on its face, we are unable to determine what Goodman was charged with burning and whether it fell within the list of items that can be burned or the list of items that cannot be burned.  By using the term “illegal burning materials,” we cannot tell whether the State is charging Goodman with burning one item or multiple items.  Therefore, we hold that the State failed to give Goodman adequate notice of the item or items that he allegedly illegally burned.  Thus, we overrule the State’s sole point.

IV. Conclusion

Having overruled the State’s sole point, we affirm the trial court’s judgment.  

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

PUBLISH

DELIVERED: July 6, 2006

FOOTNOTES
1:
Section 111.209 provides for an exception for disposal fires.  Section 111.209(1) provides that outdoor burning shall be authorized for “[d]omestic waste burning at a property designed for and used exclusively as a private residence, housing not more than three families, when collection of domestic waste is not provided or authorized by the local governmental entity having jurisdiction, and when the waste is generated only from that property.”  30 
Tex. Admin. Code 
§ 111.209(1).