[COMMENT1] 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-312-CR

 

 

THE STATE OF TEXAS                                                                STATE

 

                                                   V.

 

JERRY DWAYNE LAIRD                                                           APPELLEE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I. Introduction








The State appeals the trial
court=s order quashing the information in which appellee, Jerry Dwayne
Laird, was charged with violating the Texas Clean Air Act.[1]  In its sole point, the State argues that the
trial court abused its discretion by granting the motion to quash because the
information set forth all of the elements of the offense, sufficiently negated the
exceptions to the offense, and provided sufficient notice to Laird of the
charges being brought against him.  We
reverse and remand. 

II.
Background Facts

On February 7, 2005, the
State filed an information alleging that on October 24, 2004, Laird Adid then and there unlawfully, intentionally or knowingly cause,
allow, or permit outdoor burning.@  On June 3, 2005, Laird filed a
motion to quash the information, stating that the information failed to give
him adequate notice of the charges brought against him because of the vagueness
and lack of specificity in the information. 
On June 29, 2005, the State filed a motion to amend the information, and
on August 2, 2005, after hearing arguments on Laird=s motion to quash and the State=s motion to amend the information, the trial court granted both the
State=s motion to amend and Laird=s motion to quash.  The State=s amended information alleged that Laird Adid then and there unlawfully, intentionally or knowingly cause,
allow, or permit outdoor burning, to wit: Jerry Wayne [sic] Laird burned
domestic and non-domestic waste including an appliance and electrical wire.@

III. Motion to Quash the Information

In its sole point, the State
contends that the trial court erred by granting Laird=s motion to quash the amended information.








A. Standard of Review

The rules with respect to the
certainty required in an indictment also apply to an information.  See Studer v. State, 799 S.W.2d 263,
268 (Tex. Crim. App. 1990).  The
sufficiency of an indictment is a question of law.  State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004).  Therefore, we
review a trial court=s ruling on
a motion to quash an information de novo.  Id.

B. Sufficiency of a Charging
Instrument

As a general rule, a charging
instrument that tracks the language of a criminal statute possesses sufficient
specificity to provide a defendant with notice of a charged offense.  State v. Edmond, 933 S.W.2d 120, 128
(Tex. Crim. App. 1996).  The State need
not allege facts that are merely evidentiary in nature.  Bynum v. State, 767 S.W.2d 769, 778
(Tex. Crim. App. 1989).  Moreover, when a
term is defined in a statute, it need not be further alleged in the
indictment.  Daniels v. State, 754
S.W.2d 214, 218 (Tex. Crim. App. 1988). 
A motion to quash should be granted only when the language regarding the
accused=s conduct is so vague or indefinite that it fails to give the accused
adequate notice of the acts he allegedly committed.  DeVaughn v. State, 749 S.W.2d
62, 67 (Tex. Crim. App. 1988). 

 

 








C. Disposition








During the pretrial hearing
on his motion to quash, Laird made several arguments contending that the
information was insufficient.  In his
first argument, Laird asserted that the information spoke only in general terms
of the Texas Administrative Code, and that as a result, the information would
be insufficient to clearly inform a jury what statute Laird had allegedly
violated.  He also contended that it
would have been difficult for a jury to look up the portion of the law that
relates to the offense because the relevant law was available only via the
internet and not in book format. 
However, the purpose of an information is to notify the accused
of the charged offense and its elements so that he may properly prepare his
defense.  Sattiewhite v. State,
600 S.W.2d 277, 282 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh=g).  On the other hand, the
purpose of the jury charge is to set forth the law applicable to the case for
the jury=s use during its deliberation.[2]  See
Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2006); Wilson v.
State, 825 S.W.2d 155, 158 (Tex. App.CDallas 1992, pet. ref=d).  The matter of charging a
jury is unrelated to the issue of whether an information provides adequate
notice to a criminal defendant. 








In his second argument, Laird
contended that his motion to quash the information should have been granted due
to the vagueness of the phrase Aappliance.@[3]  We disagree.  The information in this case states that
Laird Aburned domestic and non-domestic waste including an appliance and
electrical wire.@  The Texas Administrative Code defines the
term Adomestic waste,@ and it
further specifies that Aelectrical
wire@ and Aappliances@ are non-domestic wastes that cannot be burned.[4]  See 30 Tex. Admin. Code '' 101.1(26), 111.209(1).  As
such, these terms did not require further pleading in the information.  See Thomas v. State, 621 S.W.2d
158, 161 (Tex. Crim. App. 1981) (holding that when a term is defined in the
statute it need not be further alleged in the indictment).  Therefore, because the terms Aappliance@ and Aelectrical wire@ merely
describe the type of non-domestic waste that Laird was alleged to have burned
outdoors, they are descriptive evidentiary matters that the State need not have
pleaded in order to provide sufficient notice to Laird.  See Curry v. State, 30 S.W.3d 394, 399
(Tex. Crim. App. 2000). 








Finally, Laird complained
that the information did not allege all elements of the offense because it
failed to sufficiently negate the exceptions to the offense.  An indictment must allege, in plain and
intelligible language, all the facts and circumstances necessary to establish
all the material elements of the offense charged.  Garcia v. State, 981 S.W.2d 683, 685
(Tex. Crim. App. 1998).  Under the penal
code, the State must negate the existence of any exception to an offense in the
charging instrument, see Tex.
Penal Code Ann. ' 2.02(b)
(Vernon 2003),[5]
and the negation of an exception to the offense is an element of the offense, see
id. ' 1.07(a)(22)(D) (Vernon Supp. 2006). 
However, the State need not expressly negate an exception in the
charging instrument; it may do so implicitly. 
See Tarlton v. State, 93 S.W.3d 168, 173 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d). 

The exceptions to the rule
prohibiting outdoor burning are recorded in the Texas Administrative Code.  See 30 Tex. Admin. Code '' 111.201,111.205, 111.207, 111.209, 111.211, 111.213.  In this case, the information negated the
exceptions to the offense by reference to the specific sections where the
exceptions are found.  See id.  The information states,

[T]he
outdoor burning was not authorized by the Executive Director of the Texas
Commission of Environmental Quality, nor was the outdoor burning authorized by
an exception contained in Title 30, Texas Administrative Code Rule Sections
11.205, 11.207, 111.209, 111.211, 111.213.[6]

 

We hold that this language provided sufficient
notice to Laird that the outdoor burning of which he was accused was not
permitted by any exception to the law=s prohibition of outdoor burning. 
Therefore, because the information negated the exceptions to the
offense, the information sufficiently alleged all elements of the crime that
the State charged Laird had committed.  








Contrary to the dissent=s assertion, our conclusion does not directly conflict with this court=s earlier holding in State v. Goodman.  No. 2-05-374-CR, 2006 WL 1843485 (Tex. App.CFort Worth July 6, 2006, no pet.). 
This court held that the indictment in Goodman failed to give
adequate notice because it stated merely that Goodman was charged with burning Aillegal burning materials,@ but this term did not tell Goodman Awhat item the State allege[d] he
illegally burned.@  Id. at *4.  Here, in contrast, the indictment does tell
Laird what items that the State alleges he illegally burned: domestic and
non-domestic waste, including an appliance and electrical wire.  Unlike the indictment in Goodman, this
description does give Laird sufficient notice of the acts that the State has
charged him with committing.  None
of Laird=s contentions constitutes a basis for quashing the State=s information.  Accordingly, we sustain the State=s sole point.  

IV.
Conclusion

Having sustained the State=s point, we reverse the trial court=s order quashing the information and remand the case to the trial
court for further proceedings.  See Tex. R. App. P. 43.2(d).  

 

BOB MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT, WALKER, and MCCOY, JJ.

 

DAUPHINOT,
J. filed a dissenting opinion.

 

PUBLISH

 

DELIVERED:  October 12, 2006











 
 
 
 
 
 
 




 

 

 

 

 

                                                              

                                    COURT OF APPEALS

                                      SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-312-CR

 

 

THE STATE OF TEXAS                                                                STATE

 

                                                   V.

 

JERRY DWAYNE LAIRD                                                           APPELLEE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------

The trial court granted
Appellant=s motion to
quash the information, and the majority reverses that decision.  Because the majority confuses the standard
for a fundamentally deficient charging instrument with the standard for a
legally sufficient charging instrument that is nevertheless subject to a motion
to quash, I must respectfully dissent.








It is well established in
Texas law that the two functions of the State=s accusatory pleading are to give adequate notice to the defendant of
the charges against which he must defend and to invoke the jurisdiction of the
trial court.[7]

 These two
functions of the [S]tate=s
accusatory pleading are distinct, and complaints regarding the sufficiency of
that pleading to fulfill one or the other of those functions are subject to
different rules for presentation, and different measures for validity.

 

  . . . .

 

. . .  [T]he sufficiency of the State=s pleading to allege an offense against the law is not the test for
the adequacy of notice in the face of the presumption of innocence and a motion
to quash for insufficient notice.[8]
   

As the Drumm court
reminds us, sufficiency of notice to the defendant is an issue of
constitutional magnitude: 

Because
of the fundamental notions of fairness that require adequate notice of the
nature of the charges against the accused in our system of justice, a timely
claim of inadequate notice requires careful . . .  examination of the criminal accusation from
the perspective of the accused, as contrasted to the measurement of its
allegations against the statute that is the test for a claim that no offense is
alleged.[9]  

 

In State v. Moff, the
Texas Court of Criminal Appeals summarized the rules regarding the notice that
indictments must provide:








The right to notice is set
forth in both the United States and Texas Constitutions.  See U.S. Const. amend. VI; Tex.
Const. art. I, ' 10.  Thus, the charging instrument must be
specific enough to inform the accused of the nature of the accusation against
him so that he may prepare a defense.  In
addition, the Texas Code of Criminal Procedure provides guidelines relating to
the sufficiency of an indictment.  See,
e.g., Article 21.03 (AEverything
should be stated in an indictment which is necessary to be proved.@); Article 21.04 (AThe certainty required in an indictment is such as will enable the
accused to plead the judgment that may be given upon it in bar of any
prosecution for the same offense.@); Article 21.11 (AAn indictment shall be deemed sufficient which charges the commission
of the offense in ordinary and concise language in such a manner as to enable a
person of common understanding to know what is meant, and with that degree of
certainty that will give the defendant notice of the particular offense with
which he is charged, and enable the court, on conviction, to pronounce the
proper judgment . . . .@).[10]








Moff
specifically addressed whether a trial court errs in granting a motion to quash
an indictment that tracks the language of the statute, correctly delineating
the penal statute in question, that is, an indictment that is legally
sufficient.[11]  The Moff court held that a legally
sufficient indictment may nonetheless be subject to a motion to quash when
additional notice is necessary to allow the defendant adequately to prepare a
defense or to prevent subsequent prosecution for the same act.[12]  Examples of such indictments include (1) an
indictment alleging government record tampering that failed to identify the
specific monthly staffing report on which the State would rely,[13]
(2) an indictment alleging welfare fraud that failed to allege which of the
defendant=s statements
was false,[14]
and (3) in Moff, an indictment alleging misapplication of fiduciary duty
that failed to inform the defendant of the specific transactions that allegedly
violated the statute.[15]   

The Moff court
summarized, A[T]he State
may not conduct >trial by
ambush,= in which the information necessary to provide notice is buried
somewhere in a mass of documents turned over to the defendant.@[16] 

In the case now before this
court, the information provides,  








[Appellant],
on or about the 24th day of October, A.D., 2004, and before the
making and filing of this information, in the County of Denton of the State of
Texas, did then and there unlawfully, intentionally or knowingly cause, allow
or permit outdoor burning, to wit: [Appellant] burned domestic and non-domestic
waste including an appliance and electrical wire when collection of domestic waste
is provided or authorized by the local governmental entity having jurisdiction,
within the State of Texas in violation of an order, permit, or exemption issued
or a rule adopted under Chapter 382, Health and Safety Code, to wit: Title 30,
Texas Administrative Code Rule Section 111.201, and the outdoor burning was not
authorized by the Executive Director of the Texas Commission of Environmental
Quality, nor was the outdoor burning authorized by an exception contained in
Title 30, Texas Administrative Code Rule Sections 11.205, 11.207, 111.209,
111.211, 111.213.  

 








The majority notes that the
information contains typographical errors in listing code sections 11.205 and
11.207.   The information also fails to
specify whether Appellant acted in violation of an order, of a  permit, or of an exemption issued, or instead
acted in violation of Aa rule
adopted under Chapter 382, Health and Safety Code, to wit:  Title 30, Texas Administrative Code Rule
Section 111.201.@  The information does not set out the
provisions of ATitle 30,
Texas Administrative Code Rule Section 111.201.@  The information also fails to
specify whether Appellant caused, allowed, or permitted outdoor burning.  It fails to specify whether Acollection of domestic waste is provided or [merely] authorized by the
local government entity having jurisdiction,@ and it fails to name this government entity or describe what it had
jurisdiction over.  How does a defendant
defend against an allegation that he committed an act that was illegal only
within a certain political or geographical entity when the information does not
state what that entity is?  The
information also does not state whether the alleged burning occurred on a
property used as a private residence, at a garbage dump, at an Aggie bonfire,
or for warmth on an overnight camp out on a hunting trip. 

From reading the
information,  it is impossible to tell
whether Appellant was accused of burning an electrical appliance, a gas
appliance, a medical appliance, or another kind of appliance.  The State argues that if it had alleged an
automobile, it would not have been required to name the make and color.  I agree. 
However, Appellant does not argue that the State should have been
required to plead the make of appliance or color of appliance, merely the
nature of the appliance.   

Appellant argues that the
specific appliance should be named and that the phrase Ain violation of an order, permit, or exemption@ is too vague to provide notice. 
He additionally argues that the references to the Texas Administrative
Code Rule provisions merely compound the difficultly in understanding what he
is accused of.  The trial court agreed
with Appellant, and so should we.  








The majority opinion directly
conflicts with this court=s holding in
State v. Goodman,[17]
dealing with the same issue out of the same trial court.  In Goodman, we sustained the trial
court=s granting Goodman=s motion to quash based on defective notice because the Ainformation merely states that the illegal burning materials [that
Goodman was accused of burning did] not fall within an exception provided in
the administrative code and lists several statutory provisions of the
code.  The amended information d[id] not
tell Goodman what item the State allege[d] he illegally burned.@[18] 

In Drumm, the
defendant was charged with driving while his license was suspended.  The Drumm court stated,

In
the face of the constitutional presumption of innocence to which every accused
is entitled, it cannot be claimed by the [S]tate, when there is a motion to
quash on these grounds, that appellant knew the grounds for the suspension of
his license.  There may exist several
such grounds for suspension, and there may exist various defenses to some or
all of those grounds.  It is not for us
to speculate on possible defenses; those are for the accused and counsel to
investigate, prepare, and establish if they can.  In order to perform that duty, however, the
accused is entitled to notice of the particular cause for suspension upon which
the [S]tate will rely.  The accused is
not required to anticipate any and all variant facts the [S]tate might
hypothetically seek to establish.  When
the defendant petitions for sufficient notice of the [S]tate=s
charge by motion to quash adequately setting out the manner in which notice is
deficient, the presumption of innocence coupled with his right to notice
requires that he be given such notice.[19]  

 








Similarly, in the case now
pending before this court, the information does not tell Appellant how he
offended the law with sufficient specificity to allow him to prepare a defense
or to prevent being again placed in jeopardy for the same act.  Merely referring to a list of Administrative
Code provisions does not satisfy the need for specificity of notice.  

The Court of Criminal Appeals
has repeatedly stated, 

As a
general rule, any element that must be proved should be stated in an indictment
[or information].  . . . Whether an
element of an offense may be inferred from the language employed is not the
question.  In the face of a proper motion
to quash, the information must state the elements of the offense, leaving
nothing to inference or intendment.[20]

 

Although the Texas Court of
Criminal Appeals has modified the rule somewhat, now permitting essentially a
bill of particulars,[21]
it is still true that 

Article I, Section 10 of the
Texas Constitution mandates that the notice petitioned forCinformation on which to prepare a defenseCmust come from the face of the charging instrument.  It is improper to look to the record of the
case in order to determine whether the allegation in the charging instrument
constitutes adequate notice;  the
adequacy of the allegation must be tested by its own terms, Ain a vacuum, so to speak.@[22]








Sufficiency of the evidence
is measured by the hypothetically correct jury charge as measured against the
hypothetically correct charging instrument.[23]  When the information charges globally every
alternative method of committing the offense, and simply lists code provisions,
we cannot say the trial court erred in requiring the State to plead with more
specificity.  As a defendant in a civil
case would be entitled to have the trial court grant his special exceptions to
the plaintiff=s petition,
so the trial court found and held that the defendant in this criminal case was
entitled to have his special exceptions or motion to quash granted.  The trial court merely held that Appellant
was entitled to more specific notice of what the State intended to prove
Appellant did in violation of the law.

Our sister court in San
Antonio remind us,

The Sixth Amendment to the
United States Constitution provides in part that A[i]n all criminal prosecutions the accused shall enjoy the right . . .
to be informed of the nature and course of the accusation. . . .@  This Sixth Amendment right is
applicable to state prosecutions. 
Article I, Section 10 of the Texas Constitution provides in part:  A[in] all criminal prosecutions the accused . . . shall have the right
to demand the nature and cause of the accusation against him and to have a copy
thereof.@  These constitutional
guarantees require that notice [of the nature and cause of the accusation] be
given with sufficient clarity and detail to enable the defendant to anticipate
the [S]tate=s evidence
and prepare a proper defense to it.  This
was recently explained in State v. Moff. 
Under Article I, Section 10 of the Texas Constitution, the requisite
notice must come from the face of the indictment.[24]








An information must allege in
plain and intelligible language all the facts and circumstances necessary to
establish all the material elements of the offense charged.[25]  Merely listing every possible alternative
pleading permitted by the code provision and referring generally to other code
provisions by number does not satisfy this requirement.  Because the majority opinion conflicts with
this court=s decision
in Goodman, with decisions of the Texas Court of Criminal Appeals, and
with constitutional and statutory mandates, I must respectfully dissent from
the majority=s decision
to reverse the conscientious and well-reasoned decision of the trial court.

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED: October 12, 2006











[1]See Tex. Water
Code Ann. ' 7.177 (Vernon 2000).





[2]The judge delivers to the jury a
written charge distinctly setting forth the law applicable to the case.  Doyle v. State, 631 S.W.2d 732, 738
(Tex. Crim. App. 1980).





[3]Without reference to authority,
Laird also argued that the information was deficient because it failed to state
who the Alocal government entity having
jurisdiction@ was as well as who held the
position of AExecutive Director of the Texas
Commission of Environmental Quality.@  However, not
knowing what government entity has jurisdiction over collection of Laird=s domestic waste, or who holds the
position of Executive Director of the Texas Commission of Environmental
Quality, does not bear on whether the information failed to give Laird adequate
notice of the acts he allegedly committed.  See DeVaughn, 749 S.W.2d at 67. 
Thus, we are unpersuaded by this argument.





[4]Domestic waste is defined in the
Texas Administrative Code as Agarbage and rubbish normally resulting from the functions
of life within a residence.@  30 Tex. Admin. Code ' 101.1(26) (2006).  Examples of wastes not considered to be
domestic waste that cannot be burned are provided by section 111.209 of the
Texas Administrative Code.  Id. ' 111.209(1).  This includes such things as tires, non-wood
construction debris, furniture, carpet, electrical wire, and appliances.  Id. 





[5]Even though the offense of outdoor
burning is found in the water code, not the penal code, the penal code=s negation-of-exceptions
requirement applies to offenses defined by other laws as well.  See id. ' 1.03(b).





[6]It appears that the State
mistakenly omitted the number A1@ in the first two exceptions= section numbers.  





[7]Drumm v. State, 560 S.W.2d 944, 946 (Tex. Crim.
App. 1977).





[8]Id. at 946-47 (citations omitted).





[9]Id.





[10]154 S.W.3d 599, 601 (Tex. Crim.
App. 2004) (case citations omitted); see also Studer v. State, 799
S.W.2d 263, 268 (Tex. Crim. App. 1990) (providing that rules regarding
specificity of notice in indictments also apply to informations).





[11]Moff, 154 S.W.3d at 601-02.





[12]Id.





[13]Swabado v. State, 597 S.W.2d 361, 364 (Tex. Crim.
App. 1980).





[14]Amaya v. State, 551 S.W.2d 385, 387 (Tex. Crim.
App. 1977).





[15]Moff, 154 S.W.3d at 603.





[16]Id.





[17]No. 02-05-00374-CR, 2006 WL 1843485
(Tex. App.CFort Worth July 6, 2006, no pet.).





[18]Id. at *4.





[19]Drumm, 560 S.W.2d at 947.





[20]Green v. State, 951 S.W.2d 3, 4 (Tex. Crim. App.
1997).





[21]Kellar v. State, 108 S.W.3d 311, 313-14 (Tex.
Crim. App. 2003).





[22]Adams v. State, 707 S.W.2d 900, 901 (Tex. Crim.
App. 1986) (citations omitted).





[23]See Gollihar
v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001);  see also Bledsue v. Johnson, 188 F.3d 250,
260 (5th Cir. 1999); Rosales v. State, 4 S.W.3d 228, 240 n.3 (Tex. Crim.
App. 1999) (Meyers, J., concurring), cert. denied, 531 U.S. 1016 (2000).





[24]Sanchez v. State, 182 S.W.3d 34, 44-45 (Tex. App.CSan Antonio 2005, pet. granted)
(citations omitted).





[25]Reeves v. State, 144 Tex. Crim. 270, 162 S.W.2d
705, 705 (Tex. Crim. App. 1942); see also Tex. Code Crim. Proc. Ann. art. 21.02(7) (Vernon 1989).















 [COMMENT1]

MAJORITY BY JUSTICE MCCOY DISSENT BY JUSTICE DAUPHINOT