

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NOS. 2-08-053-CR**
**2-08-054-CR**

RAYFIELD LEVEN BEECH                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

## FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In a single issue, Appellant Rayfield Leven Beech appeals a condition of his community supervision in his conviction for assault-bodily injury and raises a single issue of ineffective assistance of counsel in the appeal of his conviction for criminal mischief.  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

The State alleged (1) that, around December 15, 2006, Beech assaulted complainant Bradley McClendon by striking him with a phone, kicking him with his foot, or striking him with an unknown object and (2) that Beech caused damage worth $50 or more but less than $500 to McClendon's vehicle by striking it with his hand.[2] Beech pleaded not guilty to both charges, and the cases were apparently tried together.[3]

The jury found Beech guilty of both charges. The trial court entered judgment in both causes on January 22, 2008, assessing punishment at one year's confinement and a $4,000 fine for the assault conviction and 180 days' confinement and a $2,000 fine for the criminal mischief conviction. The trial court then suspended imposition of both sentences and placed Beech on two years' community supervision in each case.

The State filed a restitution motion in each case, alleging,

THE DEFENDANT IN THIS CAUSE, AS A RESULT OF HIS PARTICIPATION AND INVOLVEMENT IN THE ACTS THAT RESULTED IN THE SUBJECT CHARGES, HAS CAUSED THE INJURED PARTY TO SUFFER LOSS AND DAMAGE TO [H]IS

---

[2] *See* Tex. Penal Code Ann. §§ 22.01(a)(1), 28.03(a)(1) (Vernon Supp. 2008).

[3] Beech did not request a reporter's record of his trial. *See* Tex. R. App. P. 37.3(c). However, the same jury foreman signed the verdict form in each case.

2

PROPERTY IN THE AMOUNT OF $12,000. . . . IN ORDER FOR THE INJURED PARTY IN THIS CAUSE TO RECOVER HIS LOSSES AND BE MADE WHOLE, THE DEFENDANT SHOULD, AS PART OF THE JUDGEMENT AND SENTENCE, BE ORDERED TO PAY RESTITUTION TO THE INJURED PARTY AS FOLLOWS[.]

In each case, the State requested that Beech be made to pay to McClendon $12,000 in restitution.

The trial court's docket sheet in each case states that a jury trial was held on January 22, 2008; that the jury found Beech guilty; and that punishment was assessed that day. The docket sheet in the assault-bodily injury case also states that the amount of restitution owed is $12,000 "Due at $500 Per Mth Beg 02/20/08 And Each Month Thereafter Til Paid in Full., Refer to Supplement for Conditions of Probation . . . ." No restitution is listed in the judgments, dated January 22, or on the docket sheet for the criminal mischief case.

The "Supplement/Amendment to Conditions of Community Supervision" ("Supplement") lists both offenses, is file-marked January 23, 2008—the same file-mark date as the State's motions for restitution—and contains the following condition: "Restitution in the amount of $12,000.00 through Tarrant County CSCD at the rate of $500.00 per month beginning the 20th day of Feb. 2008 and like payment on the 20th day of each month thereafter until full payment is made." Beech's signature is not on the Supplement. These appeals followed.

3

## III. Discussion

In his sole issue with regard to his assault-bodily injury conviction, Beech complains that the docket sheet on his assault-bodily injury conviction and the Supplement should be corrected to delete the restitution requirement. In his sole issue with regard to his criminal mischief conviction, Beech argues that he received ineffective assistance of counsel.

## A. Community Supervision Conditions

We review a challenge to a restitution order under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980); *Lemos v. State*, 27 S.W.3d 42, 45 (Tex. App.—San Antonio 2000, pet. ref'd). The court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh'g).

Beech complains that the assault-bodily injury docket sheet and the Supplement should be corrected to delete the requirement that restitution be paid because the trial court did not inform him at the time of sentencing in open court what amount of restitution he would be required to pay. Beech also complains that the restitution amount was not determined until after his sentencing because all of the other amounts on the docket sheet were printed at the time the docket sheet was prepared and "$12,000" was written in by

4

hand. He points out that the judgment and sentence included no restitution requirement, that the State did not file its motion for restitution until the day after sentencing, and that his signature is not on the Supplement.

Restitution to the victim is an exception to the rule that the trial court may not order a defendant to make any payments as a term or condition of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(b) (Vernon Supp. 2008). Under article 42.12 of the code of criminal procedure, the trial court "may, *at any time, during the period of community supervision* alter or modify the conditions," and it may impose any reasonable condition that is designed to protect or restore the victim. *Id.* § 11(a). Therefore, we overrule this issue because the trial court had the discretion to determine the amount of restitution after Beech's sentencing and to modify the conditions of community supervision to include it.[4] *See id.*

---

[4] We note that Beech does not argue that he was not given the opportunity to object to the modification and that he does not challenge the legal or factual sufficiency of the evidence to support the amount of restitution ordered. *Cf. Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (addressing appellant's complaint on the merits when the conditions of his community supervision were modified without a hearing and without giving him the opportunity to object); *Cartwright*, 605 S.W.2d at 288 & n.1, 289 (abating for an evidentiary hearing to determine a just amount of restitution when appellant challenged probative evidence to support amount and did not provide a reporter's record but docket entries showed that evidence was not taken). Furthermore, because Beech did not request a reporter's record, we have no way of determining whether restitution was discussed during the punishment trial or whether the court announced restitution at the time of sentencing.

**B. Ineffective Assistance of Counsel**

Beech complains that he was harmed in his criminal mischief case because his trial counsel failed to present a motion to quash the information. He bases his complaint on a theory that the term "vehicle" as contained in the information was too vague to give him notice of the charge against him "[b]ecause a vehicle can be anything from an automobile, buggy, bicycle, wagon, go-cart, or motorcycle."

**1. Standard of Review**

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms

6

at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*, 104 S. Ct. at 2068. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

### 2. Analysis

Beech filed a motion for new trial in his criminal mischief conviction, but he did not allege ineffective assistance of counsel. Instead, he complained only that the verdict was contrary to the law and evidence. Beech also failed to request a reporter's record of his trial, thus preventing this court from evaluating the totality of the representation, this case's particular circumstances, and the motives behind counsel's failure to file the motion to quash. *See Thompson*, 9 S.W.3d at 813–14; *see also Salinas*, 163 S.W.3d at 740.

However, even if Beech had requested a reporter's record or requested a hearing on his ineffective assistance claim, he would still be unable to prevail on this issue because to establish ineffective assistance of counsel for failure to file a motion with the court, he must demonstrate that he would have succeeded on the motion. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim.

8

App. 1998); *Keller v. State*, 125 S.W.3d 600, 608 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004), *cert. denied*, 544 U.S. 906 (2005). Counsel is not required to engage in the filing of futile motions. *See, e.g., Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) (failure to move to quash venirepanel not deficient when there was no evidence that the venire, as a whole, was biased against appellant and the record demonstrated that the panel was not tainted); *Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.) (failure to file a motion to suppress is not per se ineffective assistance of counsel).

A motion to quash should be granted only when the language concerning the defendant's conduct is so vague or indefinite as to deny him effective notice of the acts he allegedly committed. *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988); *State v. Goodman*, 221 S.W.3d 116, 120 (Tex. App.—Fort Worth 2006, no pet.). Beech's criminal mischief information states, in pertinent part, that Beech

> on or about the 15th day of December 2006, did THEN AND THERE INTENTIONALLY OR KNOWINGLY DAMAGE OR DESTROY TANGIBLE PROPERTY, TO-WIT: A VEHICLE, BY STRIKING SAID VEHICLE WITH HIS HAND, *WITHOUT THE EFFECTIVE CONSENT OF BRADLEY MCCLENDON, THE OWNER OF SAID PROPERTY*, AND DID THEREBY CAUSE PECUNIARY LOSS OF $50 OR MORE, BUT LESS THAN $500 TO THE SAID OWNER. [Emphasis added.]

9

Although Beech claims that "vehicle" is too ambiguous, given that "vehicle" here is stated with reference to "Bradley McClendon, the owner of said property," the information was sufficient to apprise Beech of what behavior had brought about the criminal mischief information. *See Wood v. State*, 632 S.W.2d 734, 736–37 (Tex. Crim. App. 1982) (holding indictment charging defendant with receiving stolen property consisting of "one truck tractor" and "one automobile" sufficiently descriptive); *Gaines v. State*, 501 S.W.2d 315, 317 (Tex. Crim. App. 1973) (holding indictment alleging theft of "one automobile of the value of over $50.00" sufficient to provide required notice); *Caro v. State*, 771 S.W.2d 610, 615–16 (Tex. App.—Dallas 1989, no pet.) (holding indictment alleging name of vehicle's owner sufficient).

Furthermore, even if the language used in this information had been overly vague, a successful motion to quash it would have left the State free to amend or seek another one. *See Gumpert v. State*, 48 S.W.3d 450, 456 (Tex. App.—Texarkana 2001, pet. ref'd), *cert. denied*, 535 U.S. 1064 (2002). Therefore, Beech has failed to show that his counsel's representation fell below the standard of prevailing professional norms or that there is a reasonable probability that the result of the trial would have been different if counsel had filed a motion to quash the information, and we overrule his sole issue in his criminal mischief appeal. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

## IV. Conclusion

Having overruled both of Beech's issues, we affirm the trial court's judgments.

PER CURIAM

PANEL: MCCOY, DAUPHINOT, AND GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 12, 2009