COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

NOS.
2-08-053-CR 

        
2-08-054-CR

 

 

RAYFIELD LEVEN BEECH                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                           I.
Introduction

In a single issue, Appellant Rayfield Leven Beech
appeals a condition of his community supervision in his conviction for
assault-bodily injury and raises a single issue of ineffective assistance of
counsel in the appeal of his conviction for criminal mischief.  We affirm.








                              II.
Factual and Procedural History

The State alleged (1) that, around December 15,
2006, Beech assaulted complainant Bradley McClendon by striking him with a
phone, kicking him with his foot, or striking him with an unknown object and
(2) that Beech caused damage worth $50 or more but less than $500 to McClendon=s
vehicle by striking it with his hand.[2]  Beech pleaded not guilty to both charges, and
the cases were apparently tried together.[3]

The jury found Beech guilty of both charges.  The trial court entered judgment in both
causes on January 22, 2008, assessing punishment at one year=s
confinement and a $4,000 fine for the assault conviction and 180 days=
confinement and a $2,000 fine for the criminal mischief conviction.  The trial court then suspended imposition of
both sentences and placed Beech on two years=
community supervision in each case.

The State filed a restitution motion in each
case, alleging,








THE DEFENDANT IN THIS CAUSE, AS A RESULT OF HIS
PARTICIPATION AND INVOLVEMENT IN THE ACTS THAT RESULTED IN THE SUBJECT CHARGES,
HAS CAUSED THE INJURED PARTY TO SUFFER LOSS AND DAMAGE TO [H]IS PROPERTY IN THE
AMOUNT OF $12,000. . . . IN ORDER FOR THE INJURED PARTY IN THIS CAUSE TO
RECOVER HIS LOSSES AND BE MADE WHOLE, THE DEFENDANT SHOULD, AS PART OF THE
JUDGEMENT AND SENTENCE, BE ORDERED TO PAY RESTITUTION TO THE INJURED PARTY AS
FOLLOWS[.]

In each case, the State requested that Beech be made to pay to
McClendon $12,000 in restitution.

The trial court=s docket
sheet in each case states that a jury trial was held on January 22, 2008; that
the jury found Beech guilty; and that punishment was assessed that day.  The docket sheet in the assault-bodily injury
case also states that the amount of restitution owed is $12,000 ADue at
$500 Per Mth Beg 02/20/08 And Each Month Thereafter Til Paid in Full., Refer to
Supplement for Conditions of Probation . . . .A  No restitution is listed in the judgments,
dated January 22, or on the docket sheet for the criminal mischief case.

The ASupplement/Amendment
to Conditions of Community Supervision@ (ASupplement@) lists
both offenses, is file-marked January 23, 2008Cthe same
file-mark date as the State=s
motions for restitutionCand contains the following
condition:  ARestitution
in the amount of $12,000.00 through Tarrant County CSCD at the rate of $500.00
per month beginning the 20th day of Feb. 2008 and like payment on the 20th day
of each month thereafter until full payment is made.@  Beech=s
signature is not on the Supplement. 
These appeals followed.








                                           III.
Discussion

In his sole issue with regard to his
assault-bodily injury conviction, Beech complains that the docket sheet on his
assault-bodily injury conviction and the Supplement should be corrected to
delete the restitution requirement.  In
his sole issue with regard to his criminal mischief conviction, Beech argues
that he received ineffective assistance of counsel.

A. Community Supervision Conditions

We review a challenge to a restitution order
under an abuse of discretion standard.  Cartwright
v. State, 605 S.W.2d 287, 288B89 (Tex.
Crim. App. [Panel Op.] 1980); Lemos v. State, 27 S.W.3d 42, 45 (Tex.
App.CSan
Antonio 2000, pet. ref=d).  The court abuses its discretion when it acts
in an arbitrary or unreasonable manner.  Montgomery
v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh=g).








Beech complains that the assault-bodily injury
docket sheet and the Supplement should be corrected to delete the requirement
that restitution be paid because the trial court did not inform him at the time
of sentencing in open court what amount of restitution he would be required to
pay.  Beech also complains that the
restitution amount was not determined until after his sentencing because all of
the other amounts on the docket sheet were printed at the time the docket sheet
was prepared and A$12,000A was
written in by hand.  He points out that
the judgment and sentence included no restitution requirement, that the State
did not file its motion for restitution until the day after sentencing, and
that his signature is not on the Supplement.

Restitution to the victim is an exception to the
rule that the trial court may not order a defendant to make any payments as a
term or condition of community supervision. 
Tex. Code Crim. Proc. Ann. art. 42.12, ' 11(b)
(Vernon Supp. 2008).  Under article 42.12
of the code of criminal procedure, the trial court Amay, at
any time, during the period of community supervision alter or modify the
conditions,@ and it may impose any
reasonable condition that is designed to protect or restore the victim.  Id. ' 11(a).  Therefore, we overrule this issue because the
trial court had the discretion to determine the amount of restitution after
Beech=s
sentencing and to modify the conditions of community supervision to include it.[4]  See id.








B. Ineffective Assistance of Counsel

Beech complains that he was harmed in his
criminal mischief case because his trial counsel failed to present a motion to
quash the information.  He bases his
complaint on a theory that the term Avehicle@ as
contained in the information was too vague to give him notice of the charge
against him A[b]ecause a vehicle can be
anything from an automobile, buggy, bicycle, wagon, go-cart, or motorcycle.@

1. Standard of Review

To establish ineffective assistance of counsel,
appellant must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).








The second prong of Strickland requires a
showing that counsel=s errors were so serious that they
deprived the defendant of a fair trial, i.e., a trial with a reliable
result.  Strickland, 466 U.S. at
687, 104 S. Ct. at 2064.  In other words,
appellant must show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id., 104 S. Ct. at 2068.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding in which the result is being
challenged.  Id. at 697, 104 S.
Ct. at 2070.

2. Analysis

Beech filed a motion for new trial in his
criminal mischief conviction, but he did not allege ineffective assistance of
counsel.  Instead, he complained only
that the verdict was contrary to the law and evidence.  Beech also failed to request a reporter=s record
of his trial, thus preventing this court from evaluating the totality of the
representation, this case=s particular circumstances, and
the motives behind counsel=s
failure to file the motion to quash.  See
Thompson, 9 S.W.3d at 813B14; see
also Salinas, 163 S.W.3d at 740.








However, even if Beech had requested a reporter=s record
or requested a hearing on his ineffective assistance claim, he would still be
unable to prevail on this issue because to establish ineffective assistance of
counsel for failure to file a motion with the court, he must demonstrate that
he would have succeeded on the motion.  Jackson
v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Keller v. State,
125 S.W.3d 600, 608 (Tex. App.CHouston
[1st Dist.] 2003), pet. dism=d,
improvidently granted, 146 S.W.3d 677 (Tex. Crim. App. 2004), cert.
denied, 544 U.S. 906 (2005).  Counsel
is not required to engage in the filing of futile motions.  See, e.g., Mooney v. State, 817 S.W.2d
693, 698 (Tex. Crim. App. 1991) (failure to move to quash venirepanel not
deficient when there was no evidence that the venire, as a whole, was biased
against appellant and the record demonstrated that the panel was not tainted); Hollis
v. State, 219 S.W.3d 446, 456 (Tex. App.CAustin
2007, no pet.) (failure to file a motion to suppress is not per se ineffective
assistance of counsel).

A motion to quash should be granted only when the
language concerning the defendant=s
conduct is so vague or indefinite as to deny him effective notice of the acts
he allegedly committed.  DeVaughn v.
State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988); State v. Goodman,
221 S.W.3d 116, 120  (Tex. App.CFort
Worth 2006, no pet.).  Beech=s
criminal mischief information states, in pertinent part, that Beech

on or about the 15th day of December 2006, did
THEN AND THERE INTENTIONALLY OR KNOWINGLY DAMAGE OR DESTROY TANGIBLE PROPERTY,
TO-WIT: A VEHICLE, BY STRIKING SAID VEHICLE WITH HIS HAND, WITHOUT THE
EFFECTIVE CONSENT OF BRADLEY MCCLENDON, THE OWNER OF SAID PROPERTY, AND DID
THEREBY CAUSE PECUNIARY LOSS OF $50 OR MORE, BUT LESS THAN $500 TO THE SAID
OWNER. [Emphasis added.]








Although Beech claims that Avehicle@ is too
ambiguous, given that Avehicle@ here is
stated with reference to ABradley McClendon, the owner of
said property,@ the information was sufficient
to apprise Beech of what behavior had brought about the criminal mischief information.  See Wood v. State, 632 S.W.2d 734, 736B37 (Tex.
Crim. App. 1982) (holding indictment charging defendant with receiving stolen
property consisting of Aone truck tractor@ and Aone
automobile@ sufficiently descriptive); Gaines
v. State, 501 S.W.2d 315, 317 (Tex. Crim. App. 1973) (holding indictment
alleging theft of Aone automobile of the value of
over $50.00A sufficient to provide required
notice); Caro v. State, 771 S.W.2d 610, 615B16 (Tex.
App.CDallas
1989, no pet.) (holding indictment alleging name of vehicle=s owner
sufficient).

Furthermore, even if the language used in this
information had been overly vague, a successful motion to quash it would have
left the State free to amend or seek another one.  See Gumpert v. State, 48 S.W.3d 450,
456 (Tex. App.CTexarkana 2001, pet. ref=d), cert.
denied, 535 U.S. 1064 (2002). 
Therefore, Beech has failed to show that his counsel=s
representation fell below the standard of prevailing professional norms or that
there is a reasonable probability that the result of the trial would have been
different if counsel had filed a motion to quash the information, and we
overrule his sole issue in his criminal mischief appeal.  See Strickland, 466 U.S. at 687, 104
S. Ct. at 2064.








                                          IV.
Conclusion

Having overruled both of Beech=s
issues, we affirm the trial court=s
judgments.

PER
CURIAM

 

PANEL: MCCOY, DAUPHINOT, AND GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: March 12, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. '' 22.01(a)(1),
28.03(a)(1) (Vernon Supp. 2008).





[3]Beech did not request a
reporter=s record of his
trial.  See Tex. R. App. P.
37.3(c).  However, the same jury foreman
signed the verdict form in each case.





[4]We note that Beech does
not argue that he was not given the opportunity to object to the modification
and that he does not challenge the legal or factual sufficiency of the evidence
to support the amount of restitution ordered. 
Cf. Rickels v. State, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003)
(addressing appellant=s complaint on the merits
when the conditions of his community supervision were modified without a
hearing and without giving him the opportunity to object); Cartwright,
605 S.W.2d at 288 & n.1, 289 (abating for an evidentiary hearing to
determine a just amount of restitution when appellant challenged probative
evidence to support amount and did not provide a reporter=s record but docket
entries showed that evidence was not taken). 
Furthermore, because Beech did not request a reporter=s record, we have no way
of determining whether restitution was discussed during the punishment trial or
whether the court announced restitution at the time of sentencing.